## Sklar v. Maxwell Building and Loan Association.

Lester Bowman, for plaintiff; Aaron Trasoff, for defendant.

LEWIS, J., January 4, 1932.—The facts submitted to us on a case stated may be briefly given, thus:

The plaintiff, in April, 1922, subscribed for five double shares of the fifth series of stock of the defendant building and loan association, and continued making payments each month up to and including February, 1929, paying into the association in the aggregate $830. At a meeting of the board of directors of the defendant association held on February 20, 1929, a resolution was duly passed declaring the double shares of the fifth series of stock matured, thereby placing the value of each double share at $200. At the time this action was taken, the defendant association was in a solvent condition, the said double shares being actually worth $200 each, according to the statement of facts agreed upon. Altogether, there were forty-five double shares of this fifth series stock outstanding on February 20, 1929, and several stockholders received from the association payment of a portion of the amount due them by reason of the maturity of the stock, but the plaintiff was paid nothing. The reason for the failure to pay plaintiff is declared to be that the "receipts of the Maxwell Building and Loan Association were insufficient to pay withdrawing stockholders and stockholders who wished to make stock loans and other expenses necessary in the general management of the building and loan association." About a year after the maturity of the stock, in February, 1930, the association was declared by the Secretary of Banking to be in a precarious condition and was ordered either to merge with some stronger association or to liquidate. On July 7, 1930, the stockholders at their meeting voted in favor of liquidation, and such liquidation is now in process. Assets in the hands of the liquidator are insufficient to pay the stockholders dollar for dollar, the present outlook being that the stockholders will realize not more than fifty per cent. of the amount paid in.

In the submission, we are required to enter judgment in favor of the plaintiff in the sum of $1000, if we should conclude that the plaintiff is to be deemed a creditor and is thus entitled to priority of payment over the holders of unmatured stock.

We have read and considered carefully the cases which counsel have cited, including the most recent decisions of our appellate courts. Other than Criswell's Appeal, 100 Pa. 488, we find no appellate court decision determining the rights of the holder of matured stock under circumstances such as exist herein. Mr. Justice Sterrett, in Chriswell's Appeal, expressed the view that holders of matured stock were entitled to no priority of payment over other stockholders. However, in that case the fund for distribution was not sufficient to afford any payment to stockholders of any class, and we may assume that the question of comparative rights of stockholders was not given the same deliberate consideration as it might otherwise have received.

We are of opinion that in the absence of fraud, or substantial error of fact, such as faulty appraisal of assets or incorrect bookkeeping, the action of the board of directors of the defendant association in declaring the stock of the fifth series matured in February, 1929, fixed the status of the holders of that stock and estops the remaining stockholders from denying that such holders are creditors and entitled to priority as against such remaining stockholders. The board of directors acted for such remaining stockholders in declaring plaintiff's stock entitled to redemption and in inferentially declaring the defendant association solvent. A full year elapsed before this solvent condition was found to have become impaired, and in that period the money due the plaintiff was used in the business of the association, presumably for the benefit of the remaining stockholders. Had this use of funds properly distributable to plaintiff resulted in a profit to the association, plaintiff would not have shared in that profit, and he ought not to be chargeable with subsequent losses in the conduct of the association's business. We concede that the Supreme Court has declared no priority exists as between withdrawing and continuing stockholders, and that decision seems eminently just. The holder of stock that has matured and has been formally declared by the association's board of directors to have matured is in quite a different situation from the holder of unmatured stock who by his own act attempts to withdraw from the joint enterprise.

Judgment is entered in favor of the plaintiff and against the defendant in the sum of $1000.